## JOSEPH KEITH ET AL v. E. H. WILSON.

**Principal and Surety—Dismissed of Action on Bond—Release of Surety.**

A plaintiff, in attachment, cannot escape responsibility and relieve his sureties, on their bond, by voluntarily dismissing his action.

**Same.**

The court should first have a jury assess the damages, before such dismissal could be had.

**Trial—Motion for Damages.**

Where on the granting of a new trial, on a motion to assess damages for the wrongfully suing out of an attachment, the defendant, on motion, voluntarily consents to the assessment of damages by a jury. he cannot subsequently by motion, have the action dismissed.

APPEAL FROM FULTON CIRCUIT COURT.

March 1, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

Having obtained an order for the delivery of a wharf-boat to him in an action brought for the recovery of the possesison thereof, appellee, before he could have the sheriff to comply with the order was required by *section 211* of the *Civil Code* to execute a bond for the indemnity of the defendants in the action which he substantially complied with, and thereupon the property was delivered to him. By the terms of his bond appellee undertook duly to prosecute the action and perform the judgment of the court therein by returning said wharf-boat, etc., if a return of the same should be adjudged, and by paying to the persons named therein, "or any other *person*" damaged thereby, such sums of money as were *adjudged in said action against* the plaintiff, not exceeding twenty-four thousand dollars, and the costs.

After said property had been delivered to appellee under said order, and he had been possessed thereof, for some 18 months, he, on the 18th of March, 1861, appeared in court and dismissed his action, whereupon an order was made requiring him to restore the

boat to the defendants—and they moved the court to order a jury to be impaneled to assess the damages for the use of the boat, and for injuries done to it whilst appellee had it in his possession, this motion he resisted, and it was continued at each term of the court until the 18th of March, 1863, when Leonard, one of the obligees in said bond, insisted on a trial of the motion, which as stated on the record was for the benefit of Keith, the owner of the boat, when appellee got possession of it, and the court ordered a jury to be impanelled for the ascertainment and assessment of the damages claimed, who returned a verdict in favor of plaintiffs in the motion for $4,247 for the use or rent of the boat while appellee had it in his possession, and $5,000 for damages done to it during the same time, and judgment was rendered against appellee in accordance with the verdict.

No defense was made to the motion when it was tried, and in June, 1863, appellee presented his petition for a new trial, the allegations of which will be hereafter referred to.

The court below was of the opinion that the grounds for a new trial were made out, set aside the judgment and granted the relief sought to which appellants excepted—and now insist that the court below, in so ruling the law, erred to their prejudice, and the judgment should be *reversed*, and they be permitted to enforce their judgment against appellee.

The facts stated in appellee's petition constitute a defense, and if proved would have reduced the verdict of the jury below the amount found by them, and it appears from the evidence that he was prevented from making his defense by reason of the disturbed condition of the country growing out of the rebellion against the Federal Government, and by the provisions of the *Act* of the *19th of February, 1864,* entitled *an Act to amend the law concerning new trials, Myer's Supple., 353,* he was entitled to a new trial and the court below properly awarded it to him.

After this was done, the case was transferred to the court of common pleas of Fulton county, and, as the record shows, the parties at the January term, 1868, of said court appeared and *by consent* had the motion of appellants continued for that term, and a jury ordered to be impanelled for the third day of the following July term to ascertain and assess the damages.

At the next term of the court, the motion was continued, and at the January term, 1869, of the court by the agreement of the

parties the case was transferred to the Fulton circuit court, and at the April term, 1869, of that court appellant's motion was dismissed and of that judgment they complain.

The difficulty in the case seems to have arisen from the effort of appellee, to dismiss his action without a trial, for if on a trial of it, it should have been adjudged that appellants should have the property returned to them, the court would also have ascertained in the same trial what sums of money they were entitled to, for being deprived of the use of their property, and for any injury that may have been done to it while in the possession of appellee over and above the natural wear and tear, which is the criterion of damages—and all that would have been done *"in the action"* then pending between the parties. Whether in an independent action on the bond appellants could have recovered for the losses sustained by them by reason of the wrongful act of appellee in causing the property to be taken from them we need not now decide.

Appellee could not escape responsibility and relieve his sureties from the legal obligation imposed on them by their bond, by voluntarily dismissing his action; the court before whom it was pending should have awarded to the defendants, on their motion, a jury to assess their damages, and should not have allowed a dismissal of the action until that was done.

In this case the proper motion was made, at the proper time, the court held the motion under advisement at that term, but subsequently sustained it, and on a trial thereof, he appellants succeeded in establishing their rights to damages, that trial and the judgment were set aside, it is true, but not for the reason that the motion thereof was improperly sustained, nor for any neglect, or fault, of appellants; but on the application of appellee. And then, after he had *agreed* that a jury should be impanelled to assess the damages—and after perhaps his sureties might successfully avail themselves of the statute of limitations, if an independent action should be brought on the bond against them, succeeds in getting appellants' motion dismissed.

Even if the dismissal of the action by appellee should otherwise have deprived appellants of the right to prosecute their motion, he waived his right to have their motion dismissed, by voluntarily consenting to the impanelling of a jury as late as 1868, to ascertain and assess the damages on the motion, to which agreement he

should be held under all the circumstances of the case. Besides, he might have been put on terms—to agree to submit to a trial of the motion without objection, before the verdict and judgment against him should have been set aside.

Appellant, Keith, was the owner of the boat; and while he was the real party interested he was not an obligee on the bond, and was not a party to the original action; but Leonard was an obligee and had a right as such to prosecute the motion, and appellee was not prejudiced by the statement on the record that it was prosecuted for the benefit of Keith.

Wherefore, the judgment dismisisng the motion was erroneous and the same is *reversed,* and the cause is remanded with directions for further proceedings consistent herewith .

The criterion of damages to the wharf-boat will be the injury it sustained over and above the wear and decay incident to its ordinary use.

*Raidle & Tyler, Rodman & Bradley, for appellants.*

*James, for appellee.*